1   MARK D. LONERGAN (State Bar No. 143622)
    THOMAS N. ABBOTT (State Bar No. 245568)
2   JASON M. JULIAN (State Bar No. 215342)
    jmj@severson.com
3   SEVERSON & WERSON
    A Professional Corporation
4   One Embarcadero Center, Suite 2600
    San Francisco, California 94111
5   Telephone: (415) 398-3344
    Facsimile: (415) 956-0439
6
    Attorneys for Defendants
7   WELLS FARGO BANK, N.A.; and U.S. BANK
    NATIONAL ASSOCIATION, AS TRUSTEE FOR
8   STRUCTURED ASSET SECURITIES
    CORPORATION MORTGAGE LOAN TRUST
9   2007-WF1 (erroneously sued as "U.S. BANK,
    N.A.")

10

11                  UNITED STATES DISTRICT COURT

12      NORTHERN DISTRICT OF CALIFORNIA — SAN FRANCISCO DIVISION

13

14   NATHAN TERRY, an individual;          Case No. 3:15-cv-01483-WHA
     GERALDINE TERRY, an individual,
15                                          **DEFENDANTS' NOTICE OF MOTION
                Plaintiffs,                 AND MOTION TO DISMISS THE
16                                          COMPLAINT, OR IN THE ALTER-
            vs.                             NATIVE, FOR A MORE DEFINITE
17                                          STATEMENT; MEMORANDUM OF
     WELLS FARGO BANK, N.A., a business     POINTS AND AUTHORITIES IN
18   entity; U.S. BANK, N.A., a business entity;  SUPPORT THEREOF
     and DOES 1-50, inclusive,
19                                          Date:    May 26, 2016
                Defendants.                 Time:    8:00 a.m.
20                                          Crtrm.:  8, 19th Floor
                                            Judge:   Honorable William Alsup
21

22

23

24

25

26

27

28

MOTION TO DISMISS THE COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES

# NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

PLEASE TAKE NOTICE that on May 26, 2016, at 8:00 a.m., or as soon thereafter as counsel may be heard, in Courtroom 8 of the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, California 94102, before the Honorable William Alsup, defendants WELLS FARGO BANK, N.A.; and U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR STRUCTURED ASSET SECURITIES CORPORATION MORTGAGE LOAN TRUST 2007-WF1, erroneously sued as "U.S. BANK, N.A.," ("Defendants"), will, and hereby do, move to dismiss the Complaint filed by plaintiffs Nathan Terry and Geraldine Terry ("Plaintiffs"), based on Federal Rule of Civil Procedure 12(b)(6) on grounds that the Complaint fails to assert a claim upon which relief may be granted against Defendants.  Defendants will also move and hereby do move, in the alternative, for a more definite statement of claims pursuant to Rule 12(e).

This motion is based on this notice, the accompanying memorandum of points and authorities, the concurrently filed request for judicial notice, the pleadings and records on file in this action, and any further briefs, evidence, authorities, or argument presented before or at the hearing of this motion.  Defendants respectfully request an order dismissing the first, second, third, and fourth causes of action in Plaintiffs' Complaint with prejudice.


DATED:  April 15, 2016                          SEVERSON & WERSON
                                                A Professional Corporation



                                        By:     _____/s/ Jason M. Julian_____
                                                        Jason M. Julian

                                        Attorneys for Defendants
                                        WELLS FARGO BANK, N.A.; and U.S. BANK
                                        NATIONAL ASSOCIATION, AS TRUSTEE FOR
                                        STRUCTURED ASSET SECURITIES
                                        CORPORATION MORTGAGE LOAN TRUST 2007-
                                        WF1 (erroneously sued as "U.S. BANK, N.A.")

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ................................................................................................................ 1

II. APPLICABLE LAW AND PERTINENT FACTS .......................................................... 1

III. LEGAL ARGUMENT ..................................................................................................... 3

      A.      Plaintiffs' Breach of Contract Claim Fails. ................................................................ 3

      B.      Plaintiffs' Violation of Cal. Civ. Code § 2923.6 Claim Fails. .................................. 6

      C.      Plaintiffs' Violation of Cal. Civ. Code § 2923.7 Claim Fails. .................................. 7

      D.      Plaintiffs' Violation of Cal. Civ. Code § 2924.17 Claim Fails. ............................... 8

      E.      Plaintiffs' Violation of Cal. Civ. Code § 2924.10 Claim Fails. ............................... 9

      F.      Plaintiffs' UCL Claim Fails. ..................................................................................... 9

IV. ALTERNATIVE MOTION FOR A MORE DEFINITE STATEMENT OF CLAIMS ........... 11

V. CONCLUSION ............................................................................................................... 11

**TABLE OF AUTHORITIES**

Page(s)

**CASES**

*A.G. Edwards & Sons, Inc. v. Smith,*
    736 F.Supp. 1030 (D. Ariz. 1989)............................................................................................11

*Ashcroft v. Iqbal,*
    129 S.Ct. 1937 (2009) ...............................................................................................................1

*Associated General Contractors of Cal., Inc. v. California State*
    *Council of Carpenters,*
    459 U.S. 519 (1983) ....................................................................................................................1

*Beall v. Quality Loan Serv. Corp.,*
    2011 WL 1044148 (S.D. Cal. Mar. 21, 2011)...........................................................................10

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544, 570 (2007) ...........................................................................................................1

*Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't of*
    *Health & Human Res.,*
    532 U.S. 598 (2001) ....................................................................................................................6

*Cargill, Inc. v. Souza,*
    201 Cal.App.4th 962 (2011) ........................................................................................................6

*Cel-Tech Commc'ns, Inc. v. LA Cellular Tel. Co.,*
    20 Cal.4th 163 (1999).................................................................................................................9

*Committee on Children's Television, Inc. v. General Foods Corp.,*
    35 Cal.3d 197 (1983)..................................................................................................................10

*Cooper v. Pickett,*
    137 F.3d 616 (9th Cir. 1997).......................................................................................................6

*Day v. AT&T Corp.*
    63 Cal.App.4th 325 (1998) ........................................................................................................10

*Gilmore v. Lycoming Fire Ins. Co.,*
    55 Cal. 123 (1880).......................................................................................................................3

*Grimes v. New Century Mortg. Corp.,*
    340 F.3d 1007 (9th Cir. 2003)......................................................................................................5

*Heritage Pac. Fin., LLC v. Monroy,*
    215 Cal.App.4th 972 (2013).........................................................................................................4

MOTION TO DISMISS THE COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES

*Hutson v. American Home Mortg. Servicing, Inc.*,
　　2009 WL 3353312 (N.D. Cal. 2009) ............................................................................10

*In re Tobacco II Cases*
　　46 Cal.4th 298 (2009) ....................................................................................................9

*Jackson v. Grant*,
　　890 F.2d 118 (9th Cir. 1989) .........................................................................................5

*Jenkins v. JP Morgan Chase Bank, N.A.*,
　　216 Cal.App.4th 497 (2013) ...........................................................................................9

*Khoury v. Maly's of Cal.*
　　14 Cal.App.4th 612 (1993) ...........................................................................................10

*Knievel v. ESPN*,
　　393 F.3d 1068 (9th Cir. 2005) .........................................................................................6

*Korea Supply Co. v. Lockheed Martin Corp.*
　　29 Cal.4th 1144 (2003) .................................................................................................10

*Ladas v. California State Auto. Ass'n*,
　　19 Cal.App.4th 761 (1993) .............................................................................................5

*Madrid v. Perot Systems Corp.*
　　130 Cal.App.4th 440 (2005) .........................................................................................10

*Marder v. Lopez*,
　　450 F.3d 445 (9th Cir. 2006) .........................................................................................7

*Marquez v. Wells Fargo Bank, N.A.*
　　2013 WL 5141689 (N.D. Cal., Sept. 13, 2013) .............................................................8

*McKell v. Washington Mut., Inc.*,
　　142 Cal.App.4th 1457 (2006) ......................................................................................3, 4

*Metzger v. Wells Fargo Bank, N.A.*
　　2014 WL 1689278 (C.D. Cal., Apr. 28, 2014) ...............................................................8

*Moss v. U.S. Secret Serv.*,
　　572 F.3d 962 (9th Cir. 2009) .........................................................................................1

*Mullis v. United States Bankr. Ct.*,
　　828 F.2d 1385 (9th Cir. 1987) .......................................................................................2

*Otworth v. Southern Pac. Transp. Co.*,
　　166 Cal.App.3d 452 (1985) ...........................................................................................4

*Peterson Dev. Co. v. Torrey Pines Bank*,
　　233 Cal.App.3d 103 (1991) ...........................................................................................5

MOTION TO DISMISS THE COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES

*Price v. Wells Fargo Bank*,
   213 Cal.App.3d 465 (1989)...................................................................................................5

*Progressive West Ins. Co. v. Superior Ct.*,
   135 Cal.App.4th 263 (2005).................................................................................................3

*Rockridge Trust v. Wells Fargo, N.A.*,
   2013 WL 5428722 (N.D. Cal. 2013)....................................................................................7

*Rosenfeld v. Nationstar Mortg., LLC*,
   2013 WL 4479008 (C.D. Cal. 2013).....................................................................................7

*Secrest v. Security Nat'l Mortg. Loan Trust 2002-2*,
   167 Cal.App.4th 544 (2008).................................................................................................4

*Sheet Metal Workers' Int'l Ass'n Local Union No. 359 v. Madison Indus., Inc.*,
   84 F.3d 1186 (9th Cir. 1996)................................................................................................6

*Singh v. Wells Fargo Bank, N.A.*,
   2009 WL 2365881 (N.D. Cal. 2009)...................................................................................10

*Sprewell v. Golden State Warriors*,
   266 F.3d 979 (9th Cir. 2001)................................................................................................2

*Trope v. Katz*,
   11 Cal.4th 274, 278 (1995)...................................................................................................6

*United States v. Ritchie*,
   342 F.3d 903 (9th Cir. 2003).................................................................................................7

*Wall St. Network, Ltd. v. New York Times Co.*,
   164 Cal.App.4th 1171 (2008)...............................................................................................3

*Wise v. Southern Pac. Co.*,
   223 Cal.App.2d 50, 59 (1963)..............................................................................................4


**STATUTES**

Cal. Business & Professions Code
   § 17200..............................................................................................................................9, 10
   § 17204....................................................................................................................................9

Cal. Civil Code
   § 1624......................................................................................................................................4
   § 2923.6.............................................................................................................................1, 6, 7
   § 2923.7.................................................................................................................................1, 7
   § 2924......................................................................................................................................8

MOTION TO DISMISS THE COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES

Cal. Civil Code
    § 2924.10 ..............................................................................................................1, 9
    § 2924.12 .................................................................................................................8
    § 2924.17 ..............................................................................................................1, 8

Cal. Code of Civil Procedure
    § 430.10 ....................................................................................................................3

**RULES**

Federal Rule of Civil Procedure
    Rule 12 ................................................................................................................1, 11

**OTHER AUTHORITIES**

4 Witkin, Cal. Procedure, Pleading, §§ 518-520 (5th ed. 2008) ........................................................4

**I.     INTRODUCTION**

Plaintiffs Nathan Terry and Geraldine Terry ("Plaintiff") defaulted on their mortgage

obligations in November 2013.  After Plaintiffs' admitted default, their lenders worked with them

to evaluate possible foreclosure avoidance options.  Now, Plaintiffs seek to find fault with those

good faith efforts and this lawsuit as a negotiating tool against their lenders.

The Complaint asserts six claims: (1) for breach of contract; (2) for violation of Cal. Civ.

Code § 2923.6; (3) for violation of Cal. Civ. Code § 2923.7; (4) for violation of Cal. Civ. Code

§ 2924.17; (4) for violation of Cal. Civ. Code § 2924.10; and (6) for violation of California's

Unfair Competition Law ("UCL").  Plaintiffs do not deny their default.  The Complaint focuses on

an alleged Trial Period Plan ("TPP"), the loan modification application and review process under

the California Homeowner Bill of Rights ("HBOR") and common law.  First, Plaintiffs allege that

the TPP obligated Defendants to modify Plaintiffs' loan.  Further, Plaintiffs allege that Defendants

raised issues with respect to subordination of other liens on the subject real property located at

40135 Margery Court, Fremont, California  94538 ( the "Property") to deny and delay loan

modification review.  Neither of these allegations are supported by the judicially noticeable facts,

or relevant law.

**II.     APPLICABLE LAW AND PERTINENT FACTS**

"To survive a motion to dismiss [under Federal Rule of Civil Procedure 12(b)(6)], a

complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007)); *see also* Fed. R. Civ. P. 12(b)(6).  "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949; *see*

*also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  While the Court accepts as true

the well-pleaded facts of a complaint when deciding a motion to dismiss, this presumption does

not apply to naked assertions devoid of further factual enhancement or conclusory allegations of

law. *See Iqbal*, 129 S.Ct. at 1949-50; *Moss*, 572 F.3d at 969.  And on a motion to dismiss, courts

will not assume that "the [plaintiff] can prove facts which [he or she] has not alleged." *Associated*

1 | *General Contractors of Cal., Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526

2 | (1983).  Finally, facts subject to judicial notice may be considered on a motion to dismiss and

3 | these facts trump conclusory allegations to the contrary.  *See Sprewell v. Golden State Warriors*,

4 | 266 F.3d 979, 988 (9th Cir. 2001); *Mullis v. United States Bankr. Ct.*, 828 F.2d 1385, 1388 (9th

5 | Cir. 1987).

6 | The alleged and judicially noticeable facts are stated below.  <u>Defendants do not concede</u>

7 | <u>the truth of any of the facts alleged in the Complaint</u>.

8 | In 2006, Plaintiffs obtained a $463,960.00 mortgage loan from Wells Fargo Bank, N.A.

9 | (the "Loan").  They secured the loan with a trust deed on the Property.  (Request for Judicial

10 | Notice ("RJN"), Ex. 1.)

11 | On November 13, 2006, Plaintiffs further encumbered the Property with a $115,990.00

12 | Second Mortgage.  (RJN, Ex. 2.)

13 | On April 15, 2011, Plaintiffs further encumbered the Property with a $13,034.28 lien.

14 | (RJN, Ex. 3.)

15 | The Deed of Trust was assigned to U.S. BANK NATIONAL ASSOCIATION, AS

16 | TRUSTEE FOR STRUCTURED ASSET SECURITIES CORPORATION MORTGAGE LOAN

17 | TRUST 2007-WF1 on July 26, 2007.  (RJN, Ex. 4.)

18 | The Deed of Trust was assigned to U.S. BANK NATIONAL ASSOCIATION, AS

19 | TRUSTEE FOR STRUCTURED ASSET SECURITIES CORPORATION MORTGAGE LOAN

20 | TRUST 2007-WF1  on November 17, 2011.  (RJN, Ex. 5.)

21 | Plaintiffs defaulted on their Loan obligations.  A notice of default was recorded in June

22 | 2009, followed by a notice of trustee's sale in September 2009.  (RJN, Exs. 6, 7.)

23 | On March 17, 2014, a satisfaction of the $13,034.28 lien was recorded.  (RJN, Ex. 8.)

24 | The Deed of Trust was assigned to Nationstar Mortgage, LLC on April 30, 2014.  (RJN,

25 | Ex. 9.)

26 | Plaintiffs' Complaint avers the following, facts, which Defendants do not concede and list

27 | for illustrative purposes in this Motion only.  "[O]n or around October 24, 2012, WELLS FARGO

28 | approved Plaintiffs for a Trial Period Plan."  (Compl. ¶ 11.)  "The Trial Period Plan Terms and

1 Conditions stated, "Upon successful completion of these payments, we will offer you a mortgage

2 modification.'" (Compl. ¶ 11.) Plaintiffs allege they made all timely payments under the alleged

3 TPP. (RJN, Ex.¶ 12.)

4       Regarding a workout review, Plaintiffs allege that "[o]n or around December 12, 2012,

5 WELLS FARGO sent to Plaintiffs a letter, which stated that the subject mortgage loan was not in

6 first lien position and requested signed subordination agreements from each lien holder on the

7 Property." (Compl., ¶ 13.) Next, Plaintiffs allege that "[o]n or around March 26, 2013,

8 Defendants sent to Plaintiffs a letter which stated that Plaintiffs do not meet the requirements of

9 mortgage assistance program without any basis for the denial." (Compl., ¶ 19.) From this,

10 Plaintiffs erroneously conclude on "information and belief" that "Defendant WELLS FARGO

11 used the subordination issue as a false pretense in order to delay Plaintiffs' loan modification

12 review … ." (Compl., ¶ 20.)

13                 **III.    LEGAL ARGUMENT**

14 **A.    Plaintiffs' Breach of Contract Claim Fails.**

15       The standard elements for a breach of contract claim are "(1) the contract, (2) plaintiff's

16 performance or excuse for nonperformance, (3) defendant's breach, and (4) damage to plaintiff

17 therefrom." *Wall St. Network, Ltd. v. New York Times Co.*, 164 Cal.App.4th 1171, 1178 (2008)

18 (citation omitted); *see also McKell v. Washington Mut., Inc.*, 142 Cal.App.4th 1457, 1489 (2006).

19       Plaintiff's breach of contract action is purportedly based upon a TPP Agreement with

20 Defendants in 2012. (Compl. ¶ 29.) However, no such Agreement is attached to the Complaint.

21 Further, Plaintiffs fail to even set out this all of this agreement's relevant provisions in their

22 pleading. Their contract claim based on the TPP Agreement is therefore insufficiently pleaded.

23       An action founded on contract must state whether the contract is written, oral, or implied

24 by conduct. *See* Cal. Code Civ. Proc. § 430.10(g). Furthermore, "[t]o state a cause of action for

25 breach of contract, it is absolutely essential to plead the terms of the contract either in haec verba

26 or according to legal effect." *Progressive West Ins. Co. v. Superior Ct.*, 135 Cal.App.4th 263, 270

27 n.1 (2005); *see also Gilmore v. Lycoming Fire Ins. Co.*, 55 Cal. 123, 124 (1880) ("Where a party

28 relies upon a contract in writing, and it affirmatively appears that all the terms of the contract are

1  not set forth in *haec verba*, nor stated in their legal effect, but that a portion which may be material

2  has been omitted, the complaint is insufficient."); *Heritage Pac. Fin., LLC v. Monroy*, 215

3  Cal.App.4th 972, 993 (2013); 4 Witkin, Cal. Procedure, Pleading, §§ 518-520, pp. 650-51 (5th ed.

4  2008).

5       If the plaintiff chooses the in *haec verba* alternative, "the terms must be set out verbatim in

6  the body of the complaint or a copy of the written instrument must be attached and incorporated

7  by reference." *Otworth v. Southern Pac. Transp. Co.*, 166 Cal.App.3d 452, 458 (1985) (citing

8  *Wise v. Southern Pac. Co.*, 223 Cal.App.2d 50, 59 (1963)).  Otherwise, the contract must be

9  pleaded by its legal effect, but "[t]his is more difficult, for it requires a careful analysis of the

10  instrument, comprehensiveness in statement, and avoidance of legal conclusions." *McKell*, 142

11  Cal.App.4th at 1489.

12      Plaintiff alleges a written agreement, but neither attaches it nor sets out its terms verbatim.

13  Since an agreement to modify the terms of a loan secured by real property must be in writing,

14  Plaintiffs must produce a copy of the written enforceable contract.  *See* Cal. Civ. Code

15  § 1624(a)(6); *Secrest v. Security Nat'l Mortg. Loan Trust 2002-2*, 167 Cal.App.4th 544, 555

16  (2008).

17      Because the agreement is not attached, no written agreement is properly pleaded in *haec*

18  *verba* or pleaded by its legal effect.  Plaintiff merely alleges in conclusory fashion that

19  "Defendants breached the Trial Period Plan by failing to provide Plaintiffs with a permanent

20  modification following Plaintiffs performance under the Trial Period Plan." (Compl. ¶ 31.)  They

21  do not set out in their complaint "a careful analysis of the instrument, comprehensiveness in

22  statement, and avoidance of legal conclusions."  With no allegations setting out any terms of the

23  agreement that were breached, Plaintiffs does not properly plead a breach of contract.

24      Plaintiffs' skeletal pleading leads to a related problem.  It appears they contend that they

25  are entitled to a loan modification agreement as a matter of right.  They have no breach of contract

26  claim because They have not alleged even a single term of a loan modification agreement.  A loan

27  contract requires terms such as the amount, repayment schedule, and interest rate.  Absent these

28  required terms, no breach of contract claim will lie.

MOTION TO DISMISS THE COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES

1    A contract is void and unenforceable where it is so uncertain and indefinite that the

2    intention of the parties on material questions cannot be ascertained.  *See Ladas v. California State*

3    *Auto. Ass'n*, 19 Cal.App.4th 761, 770 (1993); *see also Price v. Wells Fargo Bank*, 213 Cal.App.3d

4    465, 483 (1989), overruled on other grounds in *Riverisland Cold Storage, Inc. v. Fresno–Madera*

5    *Prod. Credit Ass'n*, 55 Cal.4th 1169, 1182 (2013) (in order to constitute a legal contract, a loan

6    agreement must embody definite terms that are capable of enforcement).  "Under the law of

7    California, … no loan contract is formed if an essential element is missing."  *Grimes v. New*

8    *Century Mortg. Corp.*, 340 F.3d 1007, 1010 (9th Cir. 2003); *see also Jackson v. Grant*, 890 F.2d

9    118, 120 (9th Cir. 1989).

10    To be sufficiently definite to be enforceable, a loan contract should include the identity of

11    the lender and borrower, the loan amount, and repayment terms.  *See Peterson Dev. Co. v. Torrey*

12    *Pines Bank*, 233 Cal.App.3d 103, 115 (1991).  The interest rate is another essential element to a

13    loan contract.  *See Grimes*, 340 F.3d at 1010.

14    Other than the identity of the parties, Plaintiffs do not allege or demonstrate a single term

15    essential to the creation of an enforceable loan modification contract.  Plaintiffs do not show that

16    the supposed modified loan is for any particular amount.  They do not aver that there is a

17    particular term or number of repayments or that the parties agreed on loan repayments of any

18    given amount.  They do not allege a specific interest rate.  Most of the essential terms are absent.

19    A supposed loan modification agreement so lacking in essential terms is unenforceable.  *See Price*,

20    213 Cal.App.3d at 483.

21    Damages are another element necessary for a breach of contract claim.  Plaintiffs' primary

22    alleged injury is the initiation of the non-judicial foreclosure process on the Property after

23    Plaintiffs' admitted default.  However, they do not factually allege that they were qualified for any

24    loan modification or other type of workout, or that their financial circumstances that led to default

25    has in any way changed.  As such, they cannot allege any damages as a result of the pending

26    foreclosure of the Property.

27    It should also be noted that, to the extent Plaintiff seeks attorneys' fees, attorney fees are

28    not cognizable damages under the "American rule."  Parties bear their own attorneys' fees unless

MOTION TO DISMISS THE COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES

1 they agree or a statute says otherwise. *See, e.g.*, *Buckhannon Bd. & Care Home, Inc. v. West*

2 *Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 602 (2001); *Sheet Metal Workers' Int'l*

3 *Ass'n Local Union No. 359 v. Madison Indus., Inc.*, 84 F.3d 1186, 1192 (9th Cir. 1996); *Trope v.*

4 *Katz*, 11 Cal.4th 274, 278 (1995) ("California follows what is commonly referred to as the

5 American rule, which provides that each party to a lawsuit must ordinary pay his own attorney

6 fees."); *Cargill, Inc. v. Souza*, 201 Cal.App.4th 962, 966 (2011) ("Each party to a lawsuit must pay

7 his or her own attorney fees except where a statute or contract provides otherwise.").

8      As far as alleged damage to their credit, Plaintiffs do not aver facts showing any damage to

9 her credit by Defendants.  Plaintiffs do not deny defaulting on their loan.  Any resulting credit

10 damage was caused by their own default, not Defendants.

11      Plaintiff does not attach the referenced TPP Agreement nor plead its terms verbatim.  They

12 therefore cannot allege any provision of that agreement that Defendants breached.  They do not

13 aver the existence of terms making any loan modification contract enforceable.  And they do not

14 allege any cognizable damages.  The breach of contract claim should be dismissed.

15 **B.     Plaintiffs' Violation of Cal. Civ. Code § 2923.6 Claim Fails.**

16      Civil Code § 2923.6(g) provides that "the mortgage servicer shall not be obligated to

17 evaluate applications from borrowers who have already been evaluated or afforded a fair

18 opportunity to be evaluated for a first lien loan modification prior to January 1, 2013, or who have

19 been evaluated or afforded a fair opportunity to be evaluated consistent with the requirements of

20 this section," unless there has been a material change in the borrower's financial circumstances.

21      The allegations in the Complaint show that Plaintiffs did indeed have a full and fair

22 opportunity to be reviewed for a loan modification.  In 2012, Plaintiffs allege that they received a

23 Trial Period Plan.  (Compl. ¶ 11.)  Indeed, Plaintiffs themselves admit that they were advised that

24 their application had been rejected in March 2013.  (Compl. ¶ 19.)

25      It is important to note that Plaintiffs have failed to attach the alleged denial letter to their

26 Complaint.  As with the omission of the TPP Agreement, this omission is critical. A document is

27 not considered outside the complaint if it is "incorporated by reference." *See Knievel v. ESPN*,

28 393 F.3d 1068, 1076 (9th Cir. 2005); *Cooper v. Pickett*, 137 F.3d 616, 622-23 (9th Cir. 1997).  A

1  document is incorporated by reference if the plaintiff "refers extensively to the document or the

2  document forms the basis of plaintiff's claims." *United States v. Ritchie*, 342 F.3d 903, 908 (9th

3  Cir. 2003); *see also Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). Because the alleged

4  denial letter forms the basis for Plaintiffs' claims, its omission renders the Complaint defective.

5        Plaintiffs make no claim that their financial circumstances have changed. As a result,

6  section 2923.6(g)'s exemption applies. *See Rockridge Trust v. Wells Fargo, N.A.*, 2013 WL

7  5428722, at \*26 (N.D. Cal. 2013) (rejecting "dual tracking" claim where borrower initiated loan

8  modification negotiations in March 2013 because he "was evaluated for a loan modification prior

9  to January 1, 2013" and he alleged no change in his financial circumstances); *Rosenfeld v.*

10  *Nationstar Mortg., LLC*, 2013 WL 4479008, at \*4 (C.D. Cal. 2013) ("section 2923.6(g) of the

11  Civil Code does not bar defendants from pursuing a foreclosure after evaluating plaintiffs' first

12  application for a loan modification.").

13  **C.      Plaintiffs' Violation of Cal. Civ. Code § 2923.7 Claim Fails.**

14        Plaintiffs allege that Defendants violated California Civil Code § 2923.7. This claim is

15  based upon the same allegations discussed above. As with the 2923.6 claim, it is important to note

16  that Plaintiffs do not attach the purported denial letter, nor do they attach the letter allegedly sent

17  on December 13, 2012 (Compl., ¶ 50). Plaintiffs admit that they were given a decision on their

18  loan modification application, denying that application. (Compl., ¶ 55.) The Complaint appears

19  to deliberately omit the relevant documents which are incorporated by reference in the Complaint.

20  Indeed, the judicially noticeable documents and the allegations clearly show why the third lien on

21  the Property remained an issue with respect to a loan modification. In order for any loan

22  modification to be implemented, any other liens would necessarily need to be subordinated. The

23  lien held by Keep Your Home California was recorded on April 15, 2011. (RJN, Ex. 3.) It was

24  not satisfied until March 17, 2014. (RJN, Ex. 8.) Plaintiffs appear to argue erroneously that the

25  original Deed of Trust was in first position. However, that ignores the rather simply that any

26  modification agreement would potentially lose that first position. Plaintiffs fail to address that

27  issue, and their allegations make no logical sense.

28

1       Thus, Wells Fargo did in fact communicate with Plaintiffs and did in fact render a

2  decision.  After reviewing the application, and determining Plaintiffs did not qualify for a loan

3  modification, Defendants notified them in writing.

4  **D.       Plaintiffs' Violation of Cal. Civ. Code § 2924.17 Claim Fails.**

5       Plaintiffs allege Wells Fargo violated California Civil Code section 2924.)  (Compl., ¶¶ 60-

6  65.)  As noted above, the private right of action under the HBOR is limited.  Section 2924.17

7  requires foreclosure notices be "accurate and complete and supported by competent and reliable

8  evidence."  (Cal. Civ. Code, § 2924.17.)  Violations of this statute are expressly punishable by a

9  civil fine imposed by certain government bodies.  (*Id*. at subd. (c).) Plaintiffs base their claim upon

10  the Notice of Default.  (Compl., ¶ 64.)

11       However, Plaintiffs have not alleged any facts from which the Court could conclude the

12  recorded title documents were not "accurate and complete and supported by competent and

13  reliable evidence."  (Cal. Civ. Code, § 2924.17.)  The Notice of Default was recorded eight

14  months after Plaintiffs admit they received a loan modification denial letter.  (RJN, Ex. 6.)

15  Plaintiffs do not dispute their default or contend any defendant was a stranger to the loan or

16  foreclosure.  Furthermore, section "2924.17 provides for liability only for 'multiple and repeated

17  uncorrected violations' of recording and filing requirements listed in [section] 2924.17(a), but

18  does not provide a private right of action for a single violation." (*Marquez v. Wells Fargo Bank,*

19  *N.A.* (N.D. Cal., Sept. 13, 2013, C 13-2819 PJH) 2013 WL 5141689 citing Cal. Civ.Code §

20  2924.17(c)); and (4) section 2924.17 is preempted by the Home Owners Loan Act ("HOLA")

21  because it imposes requirements on the processing and servicing of mortgages. (*Id*; see also

22  *Metzger v. Wells Fargo Bank, N.A.* (C.D. Cal., Apr. 28, 2014, LA CV14-00526 JAK SS) 2014 WL

23  1689278.)

24       Plaintiffs lack personal knowledge and has not pled a foundation for any reasonable belief

25  that the notice of default and notice of sale were not "accurate and complete and supported by

26  competent and reliable evidence" and they therefore fail to show Defendants "materially" violated

27  section 2924.17.  (Cal. Civ. Code, § 2924.12.)  For these reasons, the demurrer to the fourth cause

28  of action should be sustained.

1 **E.       Plaintiffs' Violation of Cal. Civ. Code § 2924.10 Claim Fails.**

2          The Complaint avers that Defendants recorded a Notice of Trustee's Sale on February 21,

3 2014.  (Compl., ¶ 70.)  However, Plaintiffs admit they received a denial letter in December 2012.

4 (Compl., ¶ 13.)  As noted above, there is no obligation under HBOR to review a borrower who has

5 already had an opportunity to be reviewed.  This claim fails.

6 **F.       Plaintiffs' UCL Claim Fails.**

7          Plaintiffs' claim for violation of California Business Professions Code Section 17200

8 ("Section 17200") fails because Plaintiffs lack standing to sue under the statute and have not

9 identified an unfair, unlawful, or fraudulent business practice committed by the Defendants.

10 Moreover, Plaintiffs have not alleged facts supporting entitlement to relief under Section 17200.

11          **1.       Plaintiffs Do Not Have Standing Because They Suffered No Injury In Fact**

12          A plaintiff only has standing to challenge a business practice under the UCL if they have

13 (1) "suffered injury in fact," and (2) "lost money or property as a result of" the unfair competition

14 they challenge.  Cal. Bus. & Prof. Code § 17204; *Jenkins v. JP Morgan Chase Bank, N.A.,* 216

15 Cal.App.4th 497, 521 (2013).  Absent such a showing, a plaintiff lacks standing to sue under the

16 UCL.  *See In re Tobacco II Cases,* 46 Cal.4th 298, 327-29 (2009).)

17          Plaintiffs claim that as a result of all the allegations, they were denied a loan modification

18 they conclude they were entitled to.  However, the Plaintiffs' alleged harms – non-judicial

19 foreclosure proceedings – occurred as a result of their default on the Loan, not the alleged conduct

20 of Defendants.  *Jenkins*, 216 Cal.App.4th at 523.  Plaintiffs have not alleged any lost money or

21 property resulting from the purportedly unfair practices alleged in the Complaint.

22          **2.       Plaintiffs' UCL Claim Fails Because Plaintiffs Have Not Identified an
                   Unlawful, Unfair, or Fraudulent Business Practice**
23

24          In order to satisfy the pleading requirements for a UCL claim, Plaintiffs must allege that

25 Defendants committed an unlawful act, an unfair business practice, or a fraudulent business prac-

26 tice. *Cel-Tech Commc'ns, Inc. v. LA Cellular Tel. Co.,* 20 Cal.4th 163, 180 (1999).)  An act is

27 "unlawful" under the UCL if it violates an underlying state or federal statute or common law. (*Id.*)

28 An act is "unfair" if the act "threatens an incipient violation of an antitrust law, or violates the

1    policy or spirit of one of those laws because its effects are comparable to or the same as a violation

2    of the law." *Id.* at 187.  A practice is "fraudulent" if members of the public are likely to be

3    deceived.  *Committee on Children's Television, Inc. v. General Foods Corp.*, 35 Cal.3d 197, 211

4    (1983).

5         Plaintiffs' Section 17200 claim is merely a reassertion of all of their other claims alleged in

6    the Complaint.  As explained herein, all of Plaintiffs' claims fail.  Where the underlying claims are

7    deficient, the Section 17200 claim must also fail.  *Singh v. Wells Fargo Bank, N.A.*, 2009 WL

8    2365881, *5 (N.D. Cal. 2009) (dismissing a mortgage borrower's claim under the UCL where that

9    claim was derivative of a deficient fraud claim that was also dismissed); *Hutson v. American*

10   *Home Mortg. Servicing, Inc.,* 2009 WL 3353312, *15-*16 (N.D. Cal. 2009) (dismissing a UCL

11   claim predicated on other failed claims); *Beall v. Quality Loan Serv. Corp.,* 2011 WL 1044148, at

12   *5 (S.D. Cal. Mar. 21, 2011) (same).

13        Because Plaintiffs fail to plead any unfair, unlawful or fraudulent practice, the demurrer to

14   the Section 17200 cause of action must be sustained.

15        **3.      Plaintiffs Have Not Alleged Facts Supporting Entitlement to Relief.**

16        A demurrer to claims under the UCL are properly sustained where the complaint fails to

17   allege the facts supporting entitlement to relief.  (*Khoury v. Maly's of Cal.* (1993) 14 Cal.App.4th

18   612, 619-20.)

19        "[Section 17200] limits the remedies available for violations to restitution and injunctive

20   relief…."  (*Madrid v. Perot Systems Corp.* (2005) 130 Cal.App.4th 440, 452.)  "[I]t is well

21   established that individuals may not recover damages" under the UCL.  (*Korea Supply Co. v.*

22   *Lockheed Martin Corp.* (2003) 29 Cal.4th 1144, 1150.)

23        Under the Section 17200 claim, Plaintiffs seek "restitution [and] disgorgement of sums

24   wrongfully obtained."  However, for restitution to be available, the "offending party must have

25   obtained something to which it was not entitled and the victim must have given up something

26   which he or she was entitled to keep."  (*Day v. AT&T Corp.*, 63 Cal.App.4th 325, 340 (1998).)

27   Here, Plaintiffs have not alleged any moneys paid by them, wrongfully obtained by Defendants.

28   Because Plaintiffs fail to plead entitlement to the requested relief, the demurrer must be sustained.

# IV. ALTERNATIVE MOTION FOR A MORE DEFINITE STATEMENT OF CLAIMS

Should any of Plaintiffs' claims survive the Rule 12(b)(6) challenge, Defendants request, in the alternative, that the Court require a more definite statement of their claims against them pursuant to Federal Rule of Civil Procedure 12(e). Such a motion is appropriate when a defendant is unable to determine from the complaint what issues it must address or a complaint "is so vague or ambiguous that the party cannot reasonably prepare a response." *See* Fed. R. Civ. P. 12(e); *see also A.G. Edwards & Sons, Inc. v. Smith*, 736 F.Supp. 1030, 1032 (D. Ariz. 1989).

# V. CONCLUSION

For the reasons set forth herein, Defendants respectfully request that this Motion to Dismiss be granted as to the first, second, third, fourth, fifth and sixth causes of action with prejudice.

In the alternative, Defendants respectfully request that the Court require a more definite statement of Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(e).

DATED: April 15, 2016

SEVERSON & WERSON
A Professional Corporation


By: _____*/s/ Jason M. Julian*_____
         Jason M. Julian

Attorneys for Defendants
WELLS FARGO BANK, N.A.; and U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR STRUCTURED ASSET SECURITIES CORPORATION MORTGAGE LOAN TRUST 2007-WF1 (erroneously sued as "U.S. BANK, N.A.")