IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHAN TERRY; GERALDINE TERRY,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>WELLS FARGO BANK, N.A.; U.S. BANK, N.A.; and DOES 1 through 50, inclusive,<br><br>　　　　Defendants.<br>　　　　　　　　　　　　　　　　　　／ | No. C 15-01483 WHA<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS AND DENYING MOTION FOR A MORE DEFINITE STATEMENT** |

## INTRODUCTION

In this foreclosure dispute, defendants move to dismiss the complaint for failure to state a claim or, in the alternative, move for a more definite statement. To the extent stated herein, the motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**. Defendants' motion for a more definite statement is **DENIED**. Defendants' requests for judicial notice are **GRANTED IN PART** and **DENIED IN PART**.

## STATEMENT

The following well-pled facts are assumed to be true for the purposes of the present motion. In November 2006, plaintiffs Nathan Terry and Geraldine Terry obtained a mortgage from Wells Fargo Bank, N.A. to purchase a single-family residence in Fremont, California. In January 2011, another deed of trust was recorded on the property.

In July 2012, plaintiffs applied for a loan modification. In October 2012, Wells Fargo approved plaintiffs for a Trial Period Plan (the "TPP Agreement"). Pursuant to the TPP Agreement, plaintiffs made three trial period payments of $2,905.04 from November 2012 to January 2013. The TPP stated that "[u]pon successful completion of these payments, we will offer you a mortgage modification" (Compl. ¶¶ 9–11).

In December 2012, in the middle of the trial period, Wells Fargo sent plaintiffs a letter stating that the mortgage was not in first lien position. The letter requested that plaintiffs obtain signed subordination agreements from the other lien holders on the property (Compl. ¶ 11). Plaintiffs then made repeated attempts to contact their "single point of contact" at Wells Fargo to inquire about the subordination issue. Plaintiffs' calls were not returned (Compl. ¶¶ 13–16).

In March 2013, after plaintiffs had successfully completed the trial period pursuant to the TPP Agreement, Wells Fargo sent plaintiffs a letter stating that they did not qualify for the mortgage assistance program. The letter provided no information about the reason for the denial (Compl. ¶¶ 19).

In November 2013, defendants recorded a notice of default. Plaintiffs again attempted to reach their "single point of contact" at Wells Fargo but to no avail. Plaintiffs reached a general Wells Fargo representative who advised plaintiffs to submit a new loan modification application. In January 2014, Wells Fargo confirmed receipt of the application and requested additional documents. Despite the pending modification application, defendants recorded a notice of trustee's sale in February 2014 (Compl. ¶¶ 20–24). From what can be gleaned from the complaint, the property has not yet been sold in foreclosure.

In March 2015, plaintiffs filed a complaint alleging: (1) breach of contract; (2) violation of California Civil Code Section 2923.6; (3) violation of California Civil Code Section 2923.7; (4) violation of California Civil Code Section 2924.17; (5) violation of California Civil Code Section 2924.10; and (6) violation of Business and Professions Code Section 17200 *et seq*.

Defendants now move to dismiss the complaint for failure to state a claim or, in the alternative, for a more definite statement (Dkt. No. 21).

**ANALYSIS**

**1. MOTION TO DISMISS.**

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible when there are sufficient factual allegations to draw a reasonable inference that the defendant is liable for the conduct alleged. While a court "must take all of the factual allegations in the complaint as true," it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id*. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

**A. Breach of Contract.**

A claim for breach of contract exists when there is: "(1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) damage to plaintiff therefrom." *Wall Street Network, Ltd. v. New York Times Company*, 164 Cal.App.4th 1171, 1178 (2008).

Plaintiffs assert that the parties formed a contract by entering into the TPP agreement in October 2014. Plaintiffs allege that the contract obligated defendants to offer plaintiffs a permanent modification upon performance by plaintiffs. Plaintiffs then performed by making the three trial payments. Despite plaintiffs' performance, defendants failed to offer a permanent modification, thereby breaching the contract (Compl. ¶ 29–31).

Plaintiffs have sufficiently pled the terms of the TPP Agreement. Plaintiffs allege that, pursuant to the TPP Agreement, they were to make three trial period payments of $2,905.04 from November 2012 to January 2013. Plaintiffs allege that the TPP Agreement stated the following: "Upon successful completion of these payments, we will offer you a mortgage modification." Plaintiffs have alleged sufficient facts to show the existence of an enforceable agreement at the pleading stage.

Defendants point to state law to argue that plaintiffs' claim fails because plaintiffs did not attach the contract nor, according to defendants, plead its terms verbatim. This argument fails as the sufficiency of the complaint is governed by the Federal Rules of Civil Procedure, not

3

state law. *Cayo v. Valor Fighting & Mgmt. LLC*, No. C 08-4763CW, 2008 WL 5170125, at *2 (N.D. Cal. Dec. 9, 2008) (Judge Claudia Wilken). Under the notice pleading requirements of Rule 8, plaintiffs have sufficiently alleged the terms of the contract.

Defendants also argue that plaintiffs' contract claim fails because plaintiffs did not allege the essential terms of the permanent modification. This argument also fails. Plaintiffs do not allege that the TPP Agreement is a contract for a permanent loan modification. Rather, plaintiffs allege that the TPP Agreement governed the three-month trial period and that plaintiffs' compliance with the TPP Agreement obligated defendants to offer a *new* contract for a permanent modification. Our court of appeals has concluded that a trial period plan can constitute a valid, enforceable contract under California law. *Corvello v. Wells Fargo Bank, NA*, 728 F.3d 878, 884 (9th Cir. 2013). The TPP Agreement alleged by plaintiffs offers a sufficient basis to show the existence of an enforceable agreement at the pleading stage.

Finally, defendants argue that plaintiffs cannot allege damages. Not so. Plaintiffs allege contract damages, including but not limited to, increased late fees and arrears, credit damage, costs to save their home, the imminent loss of their property, and attorney's fees (Compl. ¶ 32). Plaintiffs have sufficiently pled damages resulting from the breach of contract.

In their reply, defendants assert that plaintiffs' counsel have an obligation under Rule 11 to ensure that the terms of the contract as alleged in the complaint are consistent with the actual terms of the contract. Defendants' effort to cast doubt on the veracity of the allegations is premature. This order must take as true allegations made by plaintiffs when considering a motion to dismiss.

Plaintiffs sufficiently allege facts showing a breach of contract. Defendants' motion to dismiss plaintiffs' claim for breach of contract is therefore **DENIED**.

### B. Claims Pursuant to California Civil Code Section 2923.6.

In 2012, the California legislature passed the Homeowner's Bill of Rights (HBOR) to ensure that borrowers have a meaningful opportunity to obtain a foreclosure alternative as part of the non-judicial foreclosure process. Cal. Civ. Cod. 2923.4. The protections of the law,

which became effective on January 1, 2013, apply only to first lien loans secured by owner-occupied residential property. Cal. Civ. Cod. 2924.15.

One of the main purposes of the new law is to eliminate the practice of dual tracking. Dual tracking occurs when a borrower seeks a loan modification from a bank but the bank continues to pursue foreclosure at the same time. *Jolley v. Chase Home Fin., LLC*, 213 Cal. App. 4th 872, 904 (2013). Pursuant to Section 2923.6(c), a servicer is prohibited from recording a notice of default or notice of sale, or conducting a trustee's sale, while a completed modification application is pending. Pursuant to Section 2923.6(f), if an application is denied, a servicer must send an applicant a notice identifying the reasons for denial.

Plaintiffs assert two claims under Section 2923.6 based on two modification applications — one submitted in 2012 and one submitted in 2014. *First*, plaintiffs allege that defendants violated Section 2923.6(f) by failing to provide plaintiffs with a written notice identifying the reasons for the denial of their 2012 modification application. *Second*, plaintiffs allege that defendants violated Section 2923.6 by recording a notice of trustee's sale while plaintiffs' 2014 modification application was pending.

Plaintiffs have sufficiently alleged a violation of Section 2923.6(f). This section requires a denial letter to explain the basis for the denial. Plaintiffs allege that Wells Fargo failed to provide a basis for the denial of their 2012 application. These allegations are sufficient at the Rule 12 stage to state a plausible claim that defendants violated Section 2923.6(f).

Defendants argue that plaintiffs' claim with respect to the 2012 application fails because plaintiffs did not attach the denial letter to the complaint. This argument is unconvincing. Plaintiffs have alleged that the denial letter failed to provide information about the reason for the denial as required by Section 2923.6(f). At the Rule 12 stage, this allegation is sufficient.

Plaintiffs' claim with respect to the 2014 application is a closer call. Section 2923.6 specifies that its protections apply during the pendency of a "complete" application. Under Section 2923.6(h), an application is complete "when a borrower has supplied the mortgage servicer with all documents required by the mortgage servicer within the reasonable timeframes specified by the mortgage servicer." Here, plaintiffs allege that they had submitted an

application before the trustee's sale, but they do not specifically allege that the application was *"*complete.*"* The alleged facts suggest otherwise. Plaintiffs allege Wells Fargo confirmed receipt of the application and requested additional documents. Soon thereafter, and before the requested documents were due, defendants recorded the notice of trustee's sale. This tends to suggest that the application was not "complete" under Section 2923.6(h) because plaintiffs had not yet supplied the servicer with all required documents. For this reason, this order concludes that plaintiffs have not alleged sufficient facts to plead a violation of Section 2923.6 as to the 2014 application.

Defendants' motion to dismiss plaintiffs' claim for violation of Section 2923.6 as to the 2014 application is **GRANTED**. Defendants' motion to dismiss plaintiffs' claim for violation of Section 2923.6 as to the 2012 application is **DENIED**.

### C. Claims Pursuant to California Civil Code Section 2923.7.

Pursuant to Section 2923.7, a servicer must establish a "single point of contact" when a borrower requests a foreclosure prevention alternative. The single point of contact is responsible for communicating with the borrower about the application process; coordinating receipt of all documents; having access to information about the status of the application; ensuring that a borrower is considered for all foreclosure alternatives offered by the servicer; and having access to individuals with the ability and authority to stop foreclosure proceedings when necessary. Cal. Civ. Cod. 2923.7.

The California legislature passed Section 2923.7 as part of its attempt "to eliminate the practice of dual tracking and to ameliorate its effects, by requiring lenders and loan servicers to designate a 'single point of contact' for each borrower in default." *Jolley v. Chase Home Finance, LLC*, 213 Cal.App.4th 872, 904 (2013). The provision is specifically "intended to prevent borrowers from being given the run around, being told one thing by one bank employee while something entirely different is being pursued by another." *Jolley*, 213 Cal.App.4th at 905.

Plaintiffs allege sufficient facts to show a violation of Section 2923.7. Plaintiffs allege that they called the single point of contact multiple times to understand the import of the

6

subordination issue and the documentation needed to address it. They also called the single point of contact to ascertain whether they should continue to make the trial period payments. Plaintiffs allege that their single point of contact repeatedly failed to return their calls (Compl. ¶¶ 14–22). Unable to contact their designated single point of contact, plaintiffs reached a general Wells Fargo representative who advised plaintiffs to submit another modification application — only a month or so before defendants recorded a notice of trustee's sale. HBOR was intended to prevent borrowers from getting just this kind of run-around — "being told one thing by one bank employee while something entirely different is being pursued by another." *Jolley*, 213 Cal.App.4th at 905. At the Rule 12 stage, these allegations are sufficient to survive a motion to dismiss.

Defendants argue that this claim fails because plaintiffs admit that they were given a decision on their first modification application. Section 2923.7, however, requires more than a decision letter. The single point of contact is responsible for communicating with the borrowers, for coordinating receipt of all needed documents, and for having access to information about the status of the application. For the reasons stated above, plaintiffs allege sufficient facts to show a violation of Section 2923.7.

Defendants also appear to suggest that the subordination issue somehow renders plaintiffs' claim under Section 2923.7 deficient. This argument is confusing and contradicts itself. Defendants first argue that plaintiffs are erroneous in contending that the mortgage was in first lien position. Then defendants appear to concede that the mortgage was in first lien position by asserting that a "loan modification agreement would potentially lose that first lien position" (Reply at 6).

To the extent that defendants are arguing that plaintiffs were not eligible for the protections of HBOR because the mortgage was not in first lien position, this argument fails. Plaintiffs allege that the mortgage was in first lien position. Defendants request that the court take judicial notice of plaintiffs' deed of trust with Wells Fargo as well other instruments recorded *after* the Wells Fargo deed of trust. But defendants fail to show — or even explain — how these records demonstrate that plaintiffs' mortgage was in second lien position. Nor do

7

defendants cite to any legal authority to support the proposition that plaintiffs' mortgage with Wells Fargo was in second lien position. At the Rule 12 stage, plaintiffs' allegation that the mortgage was in first lien position is sufficient to show plaintiffs were entitled to the protections of HBOR.

To the extent that defendants are arguing that plaintiffs were not entitled to a modification and that therefore defendants did not need to comply with Section 2923.7, this argument also fails. The duties under Section 2923.7 are triggered even if a modification application is ultimately denied. Plaintiffs allege sufficient facts to show a violation of Section 2923.7.

Defendants' motion to dismiss plaintiffs' claim for violation of Section 2923.7 is therefore **DENIED**.

### D. Claims Pursuant to California Civil Code Section 2924.17.

Section 2924.17 provides that before recording or filing a notice of default, a notice of sale, as well as other specified documents, "a mortgage servicer shall ensure that it has reviewed competent and reliable evidence to substantiate the borrower's default and the right to foreclose, including the borrower's loan status and loan information." Plaintiffs argue that defendants violated Section 2924.17 by recording a notice of default that was inaccurate and failing to review competent and reliable evidence to substantiate plaintiffs' default.

Plaintiffs sufficiently allege a violation of Section 2924.17. Plaintiffs allege that they had performed under the TPP Agreement and that they continued to make payments. Plaintiffs allege that defendants nonetheless recorded a notice of default and that the notice of default attributed the default to failure to pay installments due April 2012. In addition, plaintiffs allege that Wells Fargo sent plaintiffs a letter stating that the mortgage was not in first lien position. Because plaintiffs allege that the mortgage *was* in first position — which we must assume to be true — and because plaintiffs allege that they continued to make payments, defendants' decision to record a notice of default could be explained by a failure to review competent and reliable evidence to substantiate plaintiffs' default.

Defendants argue that plaintiffs may not assert a private cause of action under Section 2924.17. But Section 2924.12 expressly provides a private right of action for injunctive relief for violation of various sections of the HBOR, including Section 2924.17. Moreover, in their reply, defendants appear to concede that a private right of action exists under Section 2924.17 via Section 2924.12 but assert that only injunctive relief is available — not damages. Because plaintiffs' complaint only seeks injunctive relief and attorney's fees for the violations of HBOR, this order need not address the issue of damages under HBOR.

Defendants also argue that plaintiffs have not alleged sufficient facts to show a violation of Section 2924.17. For the reasons discussed above, this order disagrees. Resolving all inferences in favor of plaintiffs, this order concludes that plaintiffs allege sufficient facts to support a claim under Section 2924.17.

### E. Claims Pursuant to California Civil Code Section 2924.10.

Under Section 2924.10, a servicer must provide written acknowledgment of receipt when a borrower submits a complete modification application. The written acknowledgment must include a description of the process, including an estimate of when a decision regarding the modification application will be made and any deadlines for submitting missing documents.

Plaintiffs allege that defendants violated Section 2924.10 by failing to provide plaintiffs with an estimate of when a decision on their 2014 application would be made. For the reasons stated above, plaintiffs have not sufficiently alleged that they had submitted a "complete" modification application in 2014. Therefore, plaintiffs allegations do not show that they are entitled to the protections of Section 2924.10. Accordingly, defendants' motion to dismiss plaintiffs' Section 2924.10 claim is **GRANTED**.

### F. Claims Pursuant to Business and Professions Code Section 17200.

Plaintiffs claim that defendants' conduct constitutes unlawful business practices under Section 17200. To state a claim for unfair competition pursuant to Section 17200, a plaintiff must allege that a defendant engaged in an "unlawful, unfair, or fraudulent business act or practice" or an "unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Cod. 17200. To have standing to bring suit pursuant to Section 17200, a plaintiff must "make a

9

twofold showing: he or she must demonstrate injury in fact and a loss of money or property caused by unfair competition." *Peterson v. Cellco Partnership*, 164 Cal.App.4th 1583, 1590 (2008).

Defendants argue that the Section 17200 claim fails because the underlying claims are deficient and because plaintiffs lack standing. For the reasons discussed above, this order concludes that plaintiffs' underlying claims may proceed except for the claim under Section 2923.6 as to the 2014 application and the claim under Section 2924.10. Furthermore, plaintiffs allege an injury that affected a property interest — in their home and in the lower monthly mortgage payments a modification promised — and plaintiffs allege a loss of money. Therefore, plaintiffs have standing to bring suit pursuant to Section 17200. Defendants' motion to dismiss plaintiffs' Section 17200 claim is therefore **DENIED**.

### 2. MOTION FOR A MORE DEFINITE STATEMENT.

As stated above, plaintiffs have sufficiently alleged the bulk of their claims. Plaintiffs' complaint is not so "vague or ambiguous that the party cannot reasonably prepare a response." FRCP 12(e). Defendants' motion for a more definite statement is therefore **DENIED**.

### 3. JUDICIAL NOTICE.

Under Federal Rule of Evidence 201, a court may judicially notice a fact that is not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from the sources whose accuracy cannot reasonably be questioned. Here, defendants request judicial notice of various public records, including plaintiffs' deed of trust with Wells Fargo, the notice of default, the notice of trustee's sale, and other instruments recorded on the property. Plaintiff has not opposed. The request for judicial notice of Exhibits 1, 6, and 7, which are referenced in the complaint, is **GRANTED**. As to the other exhibits, defendants have not adequately shown how they are relevant. Moreover, the records are not necessary to this decision. As such, the request for judicial notice of Exhibits 2, 3, 4, 5, 8, and 9 is **DENIED** as moot.

**CONCLUSION**

For the foregoing reasons, the motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**: defendants' motion to dismiss plaintiffs' claim for breach of contract is **DENIED**; defendants' motion to dismiss plaintiffs' claim for violation of Section 2923.6 as to the 2012 application is **DENIED**; defendants' motion to dismiss plaintiffs' claim for violation of Section 2923.6 as to the 2014 application is **GRANTED**; defendants' motion to dismiss plaintiffs' claim for violation of Section 2923.7 is **DENIED**; defendants' motion to dismiss plaintiffs' claim for violation of 2923.17 is **DENIED**; defendants' motion to dismiss plaintiffs' claim for violation of Section 2923.10 is **GRANTED**; defendants' motion to dismiss plaintiffs' claim for violation of Section 17200 is **DENIED**.

Defendants' motion for a more definite statement is **DENIED**. Defendants' request for judicial notice is **GRANTED IN PART** and **DENIED IN PART**.

Plaintiffs shall have until **JUNE 16, 2016 AT NOON**, to file a motion, noticed on the normal 35-day track, for leave to amend their claims. A proposed amended complaint must be appended to this motion. The motion should clearly explain how the amended complaint cures the deficiencies identified herein.

**IT IS SO ORDERED.**

Dated: May 26, 2016.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

11