Matthew D. Mellen (Bar No. 233350)
Jessica Galletta (Bar No. 281179)
Eunji Cho (Bar No. 286710)
MELLEN LAW FIRM
411 Borel Avenue, Suite 230
San Mateo, California 94402
Telephone:   (650) 638-0120
Facsimile:    (650) 638-0125

Attorney for Plaintiffs,
NATHAN TERRY
GERALDINE TERRY

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHAN TERRY, an individual; GERALDINE TERRY, an individual,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>WELLS FARGO BANK, N.A., a business entity; U.S. BANK, N.A., a business entity; and DOES 1 through 50, inclusive,<br><br>　　　　　Defendants. | Case No.: 3:15-cv-01483-WHA<br><br>[Assigned to the Hon. William Alsup]<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO AMEND**<br><br>Date:　　July 21, 2016<br>Time:　　8:00 a.m.<br>Ctrm.:　　8, 19th Floor<br><br>Complaint Filed: March 31, 2015<br>Trial Date:　　April 3, 2017 |

## I. INTRODUCTION

In the case at hand, Plaintiffs made timely payments under a Trial Period Plan when Defendants refused to provide a permanent loan modification in breach of the Trial Period Plan. In addition, Defendants recorded a Notice of Default for Plaintiff's Property which was inaccurate and based on an unsubstantiated default. Thereafter, while Plaintiffs had a complete loan modification application pending, Defendants recorded a Notice of Trustee's Sale, in violation of the Code of Federal Regulations. As detailed below, Plaintiffs have amended the Complaint to address the deficiencies raised by the Court in regards to the completeness of Plaintiffs' 2014 loan modification application and have altered the cause of action related to this action to clearly demonstrate Defendant's liability. Thus, Plaintiffs ask that the Court grant their motion and allow them to file the proposed First Amended Complaint attached to the Declaration of Sarah Shapero filed concurrently herewith.

## II. STATEMENT OF PROCEDURAL HISTORY

On or around March 31, 2015, Plaintiffs filed the above mentioned case. (Shapero Dec. at ¶ 2). Thereafter, on or around April 18, 2016, Defendant WELLS FARGO BANK filed a Motion to Dismiss Plaintiffs' Complaint which was fully briefed and which came on for hearing on or around May 26, 2016. (Id._ Thereafter, this Court issued an Order denying Defendant's Motion to Dismiss in part and granting the Motion to Dismiss in part. (Id.) Specifically, the Motion to Dismiss was denied in regards to Plaintiffs' claims for breach of contract, violation of Cal. Civ. Code § 2923.6 as to the 2012 loan modification application, violation of Cal. Civ. Code §§ 2923.7 and 2923.17 and for violations of Cal. Business and Professions Code § 17200. (Id.)(also see Dkt No. 34). The Motion to Dismiss Plaintiffs' claims for violation of Cal. Civ. Code § 2924.10 and 2923.6 (in regards to Plaintiffs' 2014 loan modification application) was granted. (Id.) The Order directed that Plaintiffs file a motion for leave to amend the claims related to the 2014 application. (Id.)

///

///

## III. LEGAL ARGUMENT

### A. Plaintiffs Should Be Granted Leave to Amend.

Under Federal law, leave to amend is liberally granted "when justice so requires." F.R.C.P. Rule 15(a)(2). "This policy is to be applied with extreme liberality." <u>Eminence Capital, LLC v. Aspeon, Inc.</u>, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotation marks <u>omitted</u>). The district court has the discretion to decide whether to grant Plaintiff leave to amend. See <u>Swanson v. U.S. Forest Serv.</u>, 87 F.3d 339, 343 (9th Cir. 1996); <u>Jordan v. County of Los Angeles</u>, 669 F.2d 1311, 1324 (9th Cir.1982), vacated on other grounds, 459 U.S. 810 (1982). In its exercise of this discretion, the court applies Rule 15 to "facilitate [a] decision on the merits, rather than on the pleadings or technicalities." <u>U.S. v. Webb</u>, 655 F.2d 977, 979 (9th Cir. 1981). Leave to amend is freely given unless the opposing party makes a showing of undue prejudice or bad faith on the part of the moving party.  <u>Forman v. Davis</u>, (1962) 371 US 178, 182.  Delay alone cannot defeat a Rule 15(a) motion to amend.  <u>International Bank v. Price Waterhouse & Co.</u>, 85 F.R.D. 140, 142 (S.D.N.Y.1980); <u>Bernstein v. National Liberty International Corporation</u>, 407 F. Supp. 709, 714 (E.D.Pa.1976) (eight-month delay before moving to add class action allegations is not a ground for denying motion to amend).  Opposition to such a motion must focus instead on any prejudice that would accrue if it were granted. <u>Bernstein</u> at 714. In addition, "[f]ive factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." <u>Johnson v. Buckley</u>, 356 F.3d 1067, 1077 (9th Cir. 2004) (citation omitted). Here, consideration of the five factors warrants granting Plaintiffs leave to amend.

In the present case, at the direction of this Court, Plaintiffs are seeking leave to amend their Complaint to address the deficiencies noted by the Court in ruling on Defendant's Motion to Dismiss Plaintiffs' Complaint.  Specifically, in ruling on Plaintiffs' claims for violation of Cal. Civ. Code § 2923.6 and 2924.10 in regards to Plaintiffs' 2014 loan modification application, the Court noted that under the HBOR's definition of a "complete" loan modification application, Plaintiffs appeared not to be entitled to the protections of these statutes.  Plaintiffs agree that

under the current definition of the HBOR it may be difficult to prove that the application was complete considering the fact that Defendant requested that Plaintiffs submit additional documents which, under the HBOR definition of complete, may not be sufficient to allege a complete application.  However, under 12 C.F.R. 1024.41(g), the Code of Federal Regulations also makes actionable dual tracking under 12 U.S.C. 2605(f), such as occurred here.  (Shapero Dec., Ex. A).  Further, the Code of Federal Regulations has a much more comprehensive definition of a complete application and specifically provides that an application is complete and, thus, a Notice of Trustee's Sale may not be recorded during the timeframe given by the servicer to submit additional documents to complete an application.  (Id.)  Therefore, Plaintiffs seek leave to amend to omit the causes of action for violation of Cal. Civ. Code § 2924.10 and 2923.6 in regards to the 2014 application but to add a cause of action for violation of 12 C.F.R. 1024.41(g).  (Shapero Dec., Ex. A).  Under the Code of Federal Regulations, the completeness of Plaintiffs' application cannot be disputed which addresses the deficiencies previously raised by this Court.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant the instant motion by granting Plaintiffs leave to file their First Amended Complaint.

DATED: June 16, 2016                     Respectfully submitted,

                                         MELLEN LAW FIRM


                                         ___*/s/ Sarah Shapero*_____
                                         Sarah Shapero, Esq.
                                         Attorney for Plaintiffs
                                         NATHAN TERRY
                                         GERALDINE TERRY

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO FILE AMENDED COMPLAINT