MARK D. LONERGAN (State Bar No. 143622)
THOMAS N. ABBOTT (State Bar No. 245568)
JASON M. JULIAN (State Bar No. 215342)
jmj@severson.com
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

Attorneys for Defendants
WELLS FARGO BANK, N.A.; and U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR STRUCTURED ASSET SECURITIES CORPORATION MORTGAGE LOAN TRUST 2007-WF1 (erroneously sued as "U.S. BANK, N.A.")

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA — SAN FRANCISCO DIVISION

| | |
|---|---|
| NATHAN TERRY, an individual; GERALDINE TERRY, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> WELLS FARGO BANK, N.A., a business entity; U.S. BANK, N.A., a business entity; and DOES 1-50, inclusive, <br><br> Defendants. | Case No. 3:15-cv-01483-WHA <br><br> **DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND** <br><br> Date: July 21, 2016 <br> Time: 8:00 p.m. <br> Crtrm.: 8, 19th Floor <br> Judge: Honorable William Alsup |

## I.     INTRODUCTION

In the wake of the Court's recent ruling, granting in part and denying in part, defendants WELLS FARGO BANK, N.A.; and U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR STRUCTURED ASSET SECURITIES CORPORATION MORTGAGE LOAN TRUST 2007-WF1's Motion to Dismiss, plaintiffs Nathan Terry and Geraldine Terry ("Plaintiffs") seek leave to amend the dismissed portion of their California Civil Code § 2923.6 claim relating to their 2014 loan modification application. They seek to replace the dual-tracking claims for their 2014 loan modification application based upon the California Homeowner Bill of Rights ("HBOR") with an identical dual-tracking claim based upon 12 C.F.R. 1024.41(g)(1), arguing that the federal standard for determining when a loan modification application is "complete" changes the analysis from the corresponding standard set forth in the HBOR. Plaintiffs are wrong. The substantively identical federal standard would still render their claims based upon the 2014 loan modification application defective. The Court's applicable ruling should stand and Plaintiffs should not be given leave to file the proposed First Amended Complaint. The Motion for Leave to Amend should be denied.

## II.     LEGAL ARGUMENT

**A.     Plaintiffs' Claims Fail Under the Federal Standard.**

The Court's May 26, 2016 Order held that:

> Section 2923.6 specifies that its protections apply during the pendency of a "complete" application. Under Section 2923.6(h), an application is complete "when a borrower has supplied the mortgage servicer with all documents required by the mortgage servicer within the reasonable timeframes specified by the mortgage servicer." Here, plaintiffs allege that they had submitted an application before the trustee's sale, but they do not specifically allege that the application was "complete." The alleged facts suggest otherwise. Plaintiffs allege Wells Fargo confirmed receipt of the application and requested additional documents. Soon thereafter, and before the requested documents were due, defendants recorded the notice of trustee's sale. This tends to suggest that the application was not "complete" under Section 2923.6(h) because plaintiffs had not yet supplied the servicer with all required documents. For this reason, this order concludes that plaintiffs have not alleged sufficient facts to plead a violation of

Section 2923.6 as to the 2014 application.

(Docket No. 34, p. 5:24-6:8.)  Plaintiffs' Motion to Amend itself concedes that "the fact that Defendant requested that Plaintiffs submit additional documents which, under the HBOR definition of complete, may not be sufficient to allege a complete application." (Docket No. 43-1, 3:2-3.)

Seeking to plead around the fatal flaw in their claim regarding the 2014 loan modification application, Plaintiffs argue that "the Code of Federal Regulations has a much more comprehensive definition of a complete application and specifically provides that an application is complete and, thus, a Notice of Trustee's Sale may not be recorded during the timeframe given by the servicer to submit additional documents to complete an application." (Motion to Amend, p. 3, lines 6-9.)  However, the plain text of the regulation does not support that assertion.

12 C.F.R. Section 1024.41(g)(1) provides in pertinent part:

> If a borrower submits a *complete* loss mitigation application after a servicer has made the first notice or filing required by applicable law for any judicial or nonjudicial foreclosure process but more than 37 days before a foreclosure sale, a servicer shall not move for foreclosure judgment or order of sale, or conduct a foreclosure sale, unless: (1) The servicer has sent the borrower a notice pursuant to paragraph (c)(1)(ii) of this section that the borrower is not eligible for any loss mitigation option and the appeal process in paragraph (h) of this section is not applicable, the borrower has not requested an appeal within the applicable time period for requesting an appeal, or the borrower's appeal has been denied. . . .

(12 C.F.R. § 1024.41(g)(1) (emphasis added).)  The protections afforded a borrower under Section 1024.41(g) are therefore triggered upon a borrower submitting a "*complete* loss mitigation application."  See 12 C.F.R. § 1024.41(g)(1) (emphasis added).

Section 1024.41 defines a "complete" application as "<u>an application in connection with which a servicer has received all the information that the servicer requires from a borrower in evaluating applications for the loss mitigation options available to the borrower.  A servicer shall exercise reasonable diligence in obtaining documents and information to complete a loss mitigation application.</u>"  12 C.F.R. § 1024.41(b).  This requirement is virtually identical to the inquiry required under Civil Code Section 2923.6, triggering HBOR's dual-tracking restrictions.

Civil Code Section 2923.6 makes clear that an application is only deemed "complete" when "a borrower has supplied the mortgage servicer with all documents required by the mortgage servicer within the reasonable timeframes specified by the mortgage servicer."  (Civ. Code § 2923.6(h).)  Whether or not the lender has received "all documents required by the mortgage servicer" is a determination that can only be made by the mortgage servicer, **not the borrower**. See *ibid*; *Jerviss v. Select Portfolio, Inc.,* 2015 WL 6081994, at *3 (E.D. Cal. 2015) ("In the face of evidence that a mortgage servicer did not deem a plaintiff's application complete, the bald assertion that a party submitted "complete" loan modification applications is too conclusory to create a serious question going to the merits of a claim."); *Liwanag v. Bank of America, N.A.,* 2015 WL 4778819, at *7 (C.D. Cal. 2015) ("California law vests with the servicer the determination of when an application is 'complete.'"); *Hernandez v. Select Portfolio, Inc.,* 2015 WL 3914741, at *9 (C.D. Cal. 2015) ("A bald allegation that a party submitted 'complete' loan modification applications—without sufficient supporting factual allegations—is a conclusory statement, and the [c]ourt does not rely on such assertions in evaluating the sufficiency of [a p]laintiff's complaint.").

Although they do not reference it in their memorandum of points and authorities, Plaintiffs' proposed First Amended Complaint("FAC") makes reference to 12 C.F.R. 1024.41(c)(2)(iv) which describes a "facially complete application."  (Proposed FAC, ¶ 69.)  That section provides that "[i]f a borrower submits all the missing documents and information as stated in the notice required pursuant to § 1026.41(b)(2)(i)(B), or no additional information is requested in such notice, the application shall be considered facially complete." 12 C.F.R. 1024.41(c)(2)(iv) (emphasis added).  Plaintiffs proposed FAC alleges that they submitted a new loan modification application on January 14, 2014.  (Proposed FAC, ¶ 23.)  They allege that Wells Fargo sent them a letter on January 20, 2014 listing additional documents needed to make the application "complete."  (*Id*. at ¶ 24.)  This describes a letter as defined in 12 C.F.R. 1024.41(b)(2)(B) requesting additional documents needed to complete an initial application.[1]  Plaintiffs proposed

---

[1] A letter requesting additional documents must be sent "within 5 days (excluding legal public holidays, Saturdays and Sundays) after receiving the loss mitigation application … ." 12 C.F.R. (footnote continued)

1 FAC makes no allegations that the documents listed in January 20, 2014 letter were *ever* provided to Wells Fargo by Plaintiffs.  As such, the "facially complete application" provision did not and cannot apply to Plaintiffs' 2014 loan modification application under its own explicit terms.

The Court has already ruled that additional documents were still needed when the Notice of Trustee's Sale was recorded.  (Docket No. 34, p. 5:24-6:8.)  The Code of Federal Regulations is no different than the HBOR in that an application is not deemed "complete" until all documents required by a servicer have been received.  Accordingly, Plaintiffs' Motion to Amend should be denied.

### III.   CONCLUSION

For the reasons set forth herein, Defendants respectfully request that Plaintiffs' Motion to Amend be denied.

DATED:  June 30, 2016

SEVERSON & WERSON
A Professional Corporation

By:   */s/ Jason M. Julian*
          Jason M. Julian

Attorneys for Defendants
WELLS FARGO BANK, N.A.; and U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR STRUCTURED ASSET SECURITIES CORPORATION MORTGAGE LOAN TRUST 2007-WF1 (erroneously sued as "U.S. BANK, N.A.")

---

1024.41(b)(2)(B).  Thus, the January 20, 2014 letter was timely under the regulation.